CASE 27—SPECIAL PROCEEDING—NOVEMBER 5.

# Carr v. Brownlee.

APPEAL FROM HART CIRCUIT COURT.

1. APPEALS—PRACTICE IN CIVIL CASES—MOTION FOR NEW TRIAL.— A motion by a surety against his co-surety for contribution is under the provision of sec. 449 of the Civil Code that "the motion may be heard and determined upon, or without written pleadings, and judgment shall be given according to the law and rules of equity," a common law proceeding, and in order to obtain a review of same in this court there must be filed grounds and motion of a new trial.

D. R. CARR, FOR APPELLANT.

1. Appellee had full knowledge of appellant's understanding with Cull that Cull would not use the note until he got two other co-sureties on it with appellant, and appellee can not violate it and escape responsibility.

2. The allegations of appellant's answer stand uncontroverted and must be taken for confessed. Section 126 Civil Code; Carpenter v. Hackney, 1 Mar., 155.

W. H. HOLT ON SAME SIDE.

1. A proceeding by a surety for contribution, under provisions of the Code, against his co-surety, is not an equitable action, but the trial must be by the Court, and therefore no motion for a new trial is necessary.

2. Civil Code, Sec. 606, Sub. Sec. 4 provides that no one shall testify for himself in chief in an ordinary action after introducing other evidence for himself in chief nor in an equitable action after taking other testimony for himself in chief; this not being an equitable action the taking of Cull's deposition by appellant before the taking of his own did not render it incompetent as evidence if introduced at the right time on the trial of the action.

3. The allegations of appellant's reply are undenied and he was entitled to judgment on the pleadings.

W. L. PORTER, FOR APPELLEE.

1. The exception was properly sustained to the deposition of Cull as the case was prosecuted in the lower court without objection as an equitable action, and the deposition of Cull was taken by appellant before he gave his own.

2. If it was an ordinary action it was the right and duty of appellant to have offered himself as a witness and asked to be permitted to testify orally before introducing the deposition.

3. If this is not an equitable action the appellant is without remedy in this court as he did not file grounds or motion for new trial in the court below.

4. There was no necessity for rejoinder to appellant's reply; it merely alleges affirmatively the substance of his denial, and a denial of his affirmative allegation would have raised the same issue that his denial of appellee's affirmative statements had already raised.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This proceeding was instituted under the provision of chapter 5 of the Code of Practice, title "Summary Proceedings." The object of appellant was to obtain judgment against the appellee for one-half of a sum paid by appellant to W. B. Craddock upon the allegation that appellant and appellee were co-sureties for D. N. Cull to W. B. Craddock in the sum of $300, besides interest. The defense of appellee in substance was that he was security for appellant, and not his co-security.

The court below adjudged in favor of appellee, and from that judgment appellant has appealed to this court. It is insisted by appellant that the court below erred in excluding appellant's deposition. He also insists that his reply to the answer of appellee was not controverted, and that the averments of his reply should be taken as true. It will be seen from an examination of the pleadings that the averments of the reply were in fact but an affirmative statement of the facts denied in the answer.

The real question presented in the court below was whether appellee was the security of appellant or whether they were co-securities for Cull, and the pleadings, when properly considered, clearly present that issue.

[11]

Appellant first took the deposition of Cull in his behalf, and afterwards gave his own deposition, and the court excluded appellant's deposition upon the idea that this proceeding was in equity, and under a provision of the Code a party can not give his own deposition after having taken the deposition of another. Appellant insists that the provision of the Code should not govern in this case, this proceeding not being in all respects an equitable action.

Appellee's contention is that if it is an equitable action that appellant's deposition was properly excluded, and if it be not an equitable action, but a common-law suit, tried by the circuit judge without a jury, then, in that event, appellant, in order to obtain a review in this court, must have first filed grounds and moved for a new trial.

It does not appear that appellant offered or asked to be allowed to testify orally in court upon the trial of this action. It seems that the parties treated this as an action in equity, at least so far as the introduction of testimony was concerned, but we are of opinion that this proceeding is a common-law proceeding and that section 449 of the Code, which reads as follows: "A motion may be heard and determined upon or without written pleadings, and judgment shall be given accordingly to the law and the rules of equity," means that the defendant, as well as the plaintiff, may present all legal and equitable claims and defenses on the motion or proceeding which may exist in the behalf of either, and this being a proper proceeding at law, a motion for a new trial was necessary in order to properly present to this court the evidence introduced upon the trial.

So far as the pleadings are concerned the judgment of the

court below is sustained, or at least not adverse to the pleadings, and the judgment appealed from is affirmed.